UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
FEB 21 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE MATTER OF AN APPLICATION OF THE )
UNITED STATES OF AMERICA FOR A )
WARRANT AUTHORIZING THE )
INSTALLATION, ACTIVATION AND )
MONITORING OF A GLOBAL POSITIONING )
SYSTEM ELECTRONIC TRACKING DEVICE )
(GPS DEVICE) TO BE LOCATED IN OR ON THE )
BLACK 2006 DODGE MAGNUM, WITH )
VIN #2D8GV77306H257089, BEARING )
MISSOURI LICENSE PLATE NUMBER FN1- )
Z1L. )

No. 4:17 MJ 3029 NCC

**FILED UNDER SEAL**

## APPLICATION

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Sara E. Koppenaal, Special Assistant United States Attorney for said District, and hereby makes application to this Court for a Warrant authorizing the installation, activation and monitoring of an electronic tracking device in or on the **Black 2006 Dodge Magnum, with Vehicle Identification Number (VIN) #2D8GV77306H257089, bearing Missouri license plate number FN1-Z1L** (hereinafter the "subject vehicle"), which is being utilized by **Kelvin FORD**, pursuant to Rule 41, Fed. R. Crim. P. and 18 U.S.C. § 3117.

1. This application seeks authorization to monitor an electronic tracking device known as a Global Positioning System (GPS device). The GPS device would be concealed on the "subject vehicle" to be used by **Kelvin FORD**. The GPS device would enable the agents/officers of the Drug Enforcement Administration (hereinafter referred to as "investigative agency(ies)") to surveil said "subject vehicle." This GPS device emits an electronic signal that can be located by a locating receiver to be possessed by the officers. The GPS device and locating receiver monitor movement and physical location of the GPS device, but in no way transmits or records voice

1

communication or acquires oral communication. The above-mentioned "subject vehicle" which is being utilized in connection with the commission of offenses involving on-going violations of Title 21, United States Code, Sections 846 and 841(a)(1).

2. Attached to this application and incorporated by reference as is fully set out herein is the affidavit of Task Force Officer Christopher Moss with the Drug Enforcement Administration which alleges facts in order to show that:

> There is probable cause to believe that evidence of the commission of the above-described offenses can be obtained through the use of a GPS device in or on the "subject vehicle," thereby enabling agents/officers of the investigative agency(ies) to track and surveil the movements of the "subject vehicle" for a period of forty-five (45) days;

3. In the event that the Court grants this application, agents/officers of the investigative agency(ies) or their authorized representatives seek authority to surreptitiously enter the "subject vehicle," including entry onto private property, to effect installation, any time during the day or night.

4. In the event that the Court grants this application, there will be periodic monitoring of the GPS device during both daytime and nighttime hours for the next forty-five (45) days following the installation of said GPS device. In addition, the GPS device may produce signals from inside private garages or other such locations not open to public or visual surveillance.

5. In the event that the Court grants this application, it is requested that in addition to the installation of said device that the agents/officers of the investigative agency(ies) or their authorized representatives have the authority to maintain, service, repair, and remove the GPS device, any time during the day or night.

6. In the event that the Court grants this application, within ten (10) calendar days after the use of the tracking device has ended, the Government will provide notice to the person whose property was tracked unless delayed notice is authorized by the Court.

7. In light of the ongoing nature of the investigation as reflected in the attached affidavit, applicant requests that the application, affidavit and Warrant be sealed.

WHEREFORE, on the basis of the allegations contained in this application, and on the basis of the affidavit of Task Force Officer Christopher Moss with the Drug Enforcement Administration, which is attached hereto and made a part hereof, applicant requests this Court to enter a Warrant authorizing law enforcement officials, agents/officers with the investigative agency(ies), or their authorized representatives, including but not limited to, other law enforcement agents and technicians assisting in the above-described investigation, to install, maintain, service, repair and ultimately remove a GPS device in or on the "subject vehicle"; to surreptitiously enter the "subject vehicle," including entry onto private property, to effect said installation, maintenance, and removal, any time during the day or night; and to monitor the signals from that GPS device following the issuance of the Court's Warrant, including signals produced from inside private garages and other locations not open to the public or visual surveillance, and signals produced in the event that the "subject vehicle" leaves the Eastern District of Missouri but remains within the United States, and so as not to jeopardize the ongoing investigation, that the application, affidavit and Warrant be sealed.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

_____
SARA E. KOPPENAAL, #66605MO
Special Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-7709

Dated this ___21st___ day of February, 2017.